IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
~~EASTERN DIVISION~~

|  |  |  |
|---|---|---|
| **John Cook Company,** | ) | |
| Appellant, | ) | |
| | ) | No. 05 C 4138 |
| v. | ) | |
| | ) | Appeal from No. 04 B 28747 |
| **Universal Access Global Holdings, Inc., et al.,** | ) | |
| Appellee. | ) | |

### MEMORANDUM OPINION AND ORDER

John Cook Company ("Cook") appeals the Bankruptcy Court for the Northern District of Illinois' ("bankruptcy court") June 17, 2005 order denying its Request for Payment of Administrative Expenses ("Request") as untimely. For the reasons set forth below, I affirm the bankruptcy court's decision.

On August 4, 2004, Universal Access Global Holdings, Inc. and four of its affiliates and subsidiaries (collectively "Universal") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. From August 5, 2004 through November 5, 2004, Cook provided Universal with underground facility and location services. On November 24, 2004, Universal filed a motion with the bankruptcy court requesting an order authorizing the rejection of the agreement for underground facility and location services between Universal and Cook ("Agreement"). *Cook's Designation of Exhibits ("Ex.") 1.* On December 10, 2004, the bankruptcy court

granted the motion. *Ex. 2.* Specifically, the bankruptcy court ordered, in pertinent part, that:

> 3. [Universal is] authorized to reject the Agreement as of November 4, 2004 and this Order constitutes such rejection.
>
> 4. [Universal] will serve a copy of this Order by mail upon [Cook] within seven (7) days of its entry and file proof of such service. [Cook] is required to file a proof of claim for damages arising from a rejection of the Agreement, as well as all other amounts or claims, if any, that it may have arising from or related to the Agreement, on or before February 28, 2005, or an extended date permitted by further order of this Court for cause shown, or be forever barred from raising such claims.

*Ex. 2* at 2.

Cook received notice of both the motion for rejection and the bankruptcy court's December 10, 2004 order granting the motion. Thereafter, on May 11, 2005, Cook filed a Request with the bankruptcy court, seeking payment for services it provided between August 5, 2004 and November 5, 2004 to Universal under the Agreement. *Ex. 3.* Universal objected to the Request, arguing, *inter alia*, that it was untimely because it was filed after the February 28, 2005 bar date set by the bankruptcy court in its December 10 ,2004 order. *Ex. 4.* On June 17, 2005, after entertaining oral argument, the bankruptcy court denied Cook's Request, finding that it was untimely because it was filed more than two months after the applicable February 28, 2005 bar date. *Ex. 9.*

2

The bankruptcy court's decision to bar the Request as untimely depends in large part on its interpretation of its own December 10, 2004 order. Accordingly, because the bankruptcy court is in the best position to interpret its own order, I cannot reverse its interpretation unless it constitutes a "clear abuse of discretion." *In re Consolidated Industries*, 360 F.3d 712, 716 (7th Cir. 2004) (quoting *In re VMS Securities Litigation,* 103 F.3d 1317, 1323 (7th Cir.1996)). Any findings of law by the bankruptcy court will be reviewed *de novo*. *Id.*

As stated above, on December 10, 2004, the bankruptcy court ordered that:

> "[Cook] is required to file a proof of claim for damages arising from a rejection of the Agreement, **as well as all other amounts or claims, if any, that it may have arising from or related to the Agreement**, on or before February 28, 2005 . . . **or be forever barred from raising such claims**.

*Ex. 2* at 2 (emphasis added). Cook concedes that it received notice and a copy of this order within seven (7) days of its issuance. Cook also concedes that its rejected Request relates to the Agreement and was filed on May 11, 2005, more than two months after the bar date.

On appeal, Cook argues that the bankruptcy court's December 10, 2004 order only set a February 28, 2005 filing deadline for proof of claims and did not apply to the filing of requests for payment of administrative expenses pursuant to 11 U.S.C. §503.

3

Cook also argues that denying its Request as untimely is fundamentally unfair and prejudicial because it constitutes a deprivation of Cook's due process right to a "reasonable opportunity for hearing" on its Request as mandated by Bankruptcy Rule 9014. Both arguments are without merit.

I agree with the bankruptcy court's interpretation of its December 10, 2004 order and, therefore, cannot find that it abused its discretion in denying Cook's Request. The December 10, 2004 order barred **all claims arising from or related to the Agreement, filed after February 28, 2005.** Cook's argument that it did not interpret that language as including requests for the payment of administrative expenses defied logic. "All . . . claims . . . arising from or related to the Agreement" means all claims and clearly includes requests for payment of administrative expenses. Accordingly, Cook's May 11, 2005 Request was properly denied as untimely.

Cook's due process argument is equally unpersuasive. Relying on *Fogel v. Zell*, 221 F.3d 955 (7th Cir. 2000), Cook contends that because it did not interpret the December 10, 2004 order as requiring that it file its Request on or before February 28, 2005, it was deprived of its right to due process. *Fogel* does not support Cook's position. *Id.* In *Fogel*, the Seventh Circuit noted that for notice of a bar date to be adequate, the notice must be both clear and delivered to potential creditors. *Id.* at 962.

4

However, the holding in *Fogel* addressed a dispute regarding ~~delivery of the notice, not the clarity of the content of the~~ notice. *Id.* at 963. Cook concedes that it received the December 10, 2004 order within seven (7) days of its insurance. Further, as stated above, I found that the language of the order was clear and unambiguous. Therefore, the December 10, 2004 order was sufficient to put Cook on notice of the February 28, 2005 bar date for the filing of all claims related to the Agreement, including the Request, and Cook was not deprived of its right to due process.

The decision of the bankruptcy court is affirmed.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

DATED: March 10, 2006